From the parties' submissions, the Court gleans the following: BP elected, on its own, to undertake a "rolling" production of documents. Plaintiffs don't believe that all documents have been identified and made available for inspection or produced as required by Fed.R.Civ.P. 34.

Rolling production usually involves (1) a large volume of documents; (2) an agreement; (3) a deadline; and (4) a signed declaration, under oath, when the requested documents have all been produced. As far as the Court can tell there is a large volume of documents, but none of the other criteria have been met. Accordingly, the Court finds that BP shall produce or make available for inspection and copying all documents requested within **thirty (30) days** of entry of this Order and submit a verification, under oath, that all requested documents responsive to the RFPs have been produced or made available for inspection and copying. Again, the parties are under a continuous duty to supplement discovery responses as it becomes known that original production was incomplete or inaccurate.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 43] is granted in part and denied in part as stated herein.

IT IS SO ORDERED.

Richard L. Puglisi
Chief United States Magistrate Judge