IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN J. ABRAHAM, et al.,

      Plaintiffs,

vs.                                                                         No.  CIV-09-961  WDS/RLP

BP AMERICA PRODUCTION COMPANY,

      Defendant.

**AGREED CLASS CERTIFICATION DECISION, ORDER
AND ORDER FOR CLASS NOTIFICATION**

THIS MATTER was before the Court on Plaintiffs' Motion for Class Certification initially filed February 26, 2010 [Doc. 32].  The Court reviewed the extensive memoranda, affidavits, exhibits and documents submitted by the parties and the relevant authorities on the issue of class certification.  The Court is advised that the parties have conferred and agree to the findings and conclusions set forth below.  Based on these stipulated findings and conclusions and the Court's review of the record, the Court finds and concludes that the requirements under Fed.R.Civ.P.23(b)(3) for class certification have been met and this case will be maintained as a class action.  In issuing this Decision and Order the Court expresses no opinion on the issues to be addressed in the merits phase of this action and/or the respective positions of the parties with respect to those issues.

**FINDINGS OF FACT**

    1.    The plaintiffs are overriding royalty and royalty owners individually and in their

representative capacities whose interests burden oil and gas leases in the San Juan Basin, New Mexico with respect to which defendant BP America Production Company ("BP") is a lessee.  The natural gas production from the leases is processed or deemed processed at the Blanco Plant in San Juan County, New Mexico.

2. Plaintiffs bring this case as a class action on behalf of royalty and overriding royalty interest owners to recover damages alleged to result from the method by which BP remits royalty on natural gas from the Subject Leases processed at the Blanco Plant.

3. Plaintiffs seek certification of claims based on (a) breach of contract, (b) breach of the implied covenant of good faith and fair dealing, (c) breach of the implied duty to market and (d) request for declaratory judgment and injunction.

4. BP and ConocoPhillips Company ("COP") each own one-half and COP operates the Blanco Plant that performs the extracting of NGLs from the gas stream produced by those companies respective leases.

5. The plaintiffs and the class members are the owners of private interests who are all paid under a standard method for the calculation and payment of their royalty and overriding royalty or are owners whose overrides are paid on the same basis as the federal government ("same as fed").  The standard method provides that payment is made on 75% of the NGLs; that the value of the NGLs is derived from a transfer by BP America Production to another BP affiliate providing prices and expense deductions applicable to fractionation of the NGLs at Mt. Belvieu on the Texas Gulf Coast; and a one-half cent per gallon administration fee is deducted.  The same as fed method pays royalty on 100% of the NGLs, applies the value based on the affiliate transfer price less the same deductions as the standard method, except the administration fee is not deducted.

6. A class inclusive of the one requested here was certified by this district court in September 2001 in *Elliott Industries v. Conoco Inc., et al.*, CIV-00-655-JC/WWD. A class inclusive of the one requested here was certified in July 2006 by the district court of Santa Fe County in *Laura Dichter et al. v. BP America Production Company, et al.*, D-0101-CV-2000-01620. The *Dichter* Case settled the same damage claims (except 39% rather than 25% of the NGLs was in dispute) for a damage period ending December 2006.

7. The parties agree for purposes of this litigation that with respect to payment under the standard method, BP contends and plaintiffs do not challenge that its royalty obligations require BP to pay on the market value of the gas at the well.

8. To approximate the market value of the gas at the well upon which at the well royalty is based, BP deducts post-production costs, including processing, gathering transportation, fractionation and marketing from the value of the processed gas and processed NGLs. This method of calculation is often referred to as the net-back or work-back methodology. Under this methodology BP has retained 25% of the produced NGLs as a "processing fee."

9. Plaintiffs allege that under the standard method their royalty and that of the putative class members has been systematically underpaid because (a) 25% of the NGLs are omitted in the royalty calculation, (b) on the 75% on the NGLs on which there is payment the value is improperly based on a non-arms length affiliate transfer, omitting value realized by BP on actual sales or use of the NGLs and (c) a deduction of ½ cents per gallon for "administration." Plaintiffs complain that under the same as fed method the price used to calculate the royalty is not the actual value realized by BP.

10. Plaintiffs also allege that the challenged deductions and the value attributed

to the NGLs are not actual; that if any expenses are actual, they are not reasonable.

11.	BP denies the plaintiffs' allegations that BP has breached its royalty payment obligations, including the allegations of Paragraphs 9 and 10, and while agreeing to class certification it reserves all legal and factual defenses and arguments against the plaintiffs' claims.

12.	The requirements of Fed.R.Civ.P. 23(a) of numerosity of class membership, adequacy of representation, typicality of claims and defenses, and the existence of common questions of law and fact are satisfied.

13.	Questions of law and of fact are common to the members of the putative class and predominate over any questions that affect individual members of the class. A class action is superior to other available procedures for the fair and efficient adjudication of this litigation.

14.	The claims of the plaintiffs are typical of the claims of the putative class members. Plaintiffs are capable of fairly and adequately representing the class. The plaintiffs' attorneys are experienced in handling class actions and are able to fairly and adequately represent the interests of the class.

15.	The quantification of the claims, notification of the class, and other administration of the maintenance of this case as a class action is manageable.

IT IS THEREFORE CONCLUDED AND ORDERED as follows:

1.	The Court has jurisdiction of the subject matter and over the parties.

2.	The substantive law governing this action is the law of the State of New Mexico. Application of the forum law is proper and does not violate principles of due process.

3. The Court certifies this action as a class action under Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, and this action shall be maintained and proceed as a class action on behalf of the following class:

> All present and former owners of royalty and overriding royalty interests which burden oil and gas leases and wells in the San Juan Basin now or formerly held by defendant BP America Production Company ("BP"), or its predecessors-in-title, which leases contain wells that are or have been productive of natural gas on which BP pays royalty and overriding royalty during the period January 2007 to the present, which natural gas is gathered and delivered, or deemed gathered and delivered, for processing at the Blanco Plant (also known as the San Juan Gas Plant) located north of Bloomfield, New Mexico.
>
> The class excludes the United States of America in its proprietary status and as trustee for Indian tribes or individual Indian lessors, and any other person or entity for which the Minerals Management Service of the Department of the Interior collects royalties; the class excludes the Commissioner of Public Lands of New Mexico and the New Mexico State Land Office; it excludes BP and ConocoPhillips Company and all of their corporate affiliates or predecessors-in-interest; and excludes Florance Limited Company, Florance A. Florance, M.J. Florance Trust and related persons and entities.

4. The causes of action that are certified for class treatment are:

    (a) breach of contract;

    (b) breach of the implied covenant of good faith and fair dealing; and

    (c) breach of the implied covenant to market.

    (d) declaratory judgment and injunction.

5. Plaintiffs Steven J. Abraham, Michael C. Abraham, individually and as Trustee of the Mike C. Abraham Trust, D.A. Abraham, LLC, Elizabeth Witten and Christine Mason as Co-Trustees of the Andrew Witten Trust, Elizabeth Witten Trust and Judy Witten Trust on behalf of themselves and all other similarly situated, individually and in their representative capacity as trustees and entity mangers are appointed as class representatives. The Gallegos Law Firm, P.C. and McKool Smith are designated as class

counsel under Rule 23(g).

6.     Within 45 days of this Decision and Order Defendant BP is ordered to furnish to Class counsel in electronic form that is conveniently useable the names and best available addresses of all class members. Upon receipt of the information from BP, Class counsel will send the Notice of Class Action, in a form to be pre-approved by the Court, by first-class mail to Class Members using a current list of addresses provided by BP. Class counsel will also cause the Notice of Class Action to be published for one day in the legal notice section of the newspapers of general circulation serving Albuquerque and Farmington, New Mexico; Dallas and Houston, Texas; Oklahoma City, and Tulsa, Oklahoma and Denver, Colorado.

7.     The mailing of the Notice to Class members and the publication of the Notice shall be accomplished as soon as practicable after Class counsel receive the class member data from BP. The Notice shall provide that a class member who decides to be excluded form the class shall file and serve a Request for Exclusion in the form specified in the Notice and do so on or before a date specified that shall not be earlier than thirty (30) days after the mailing and publication of Notice.

8.     The Court reserves the right to alter or amend its Class Certification Order as may be necessary or desirable from time to time and as authorized by Rule 23(d)(2).

DATED June 15th, 2010.

_____
W. DANIEL SCHNEIDER
United States Magistrate Judge

Agreed and Approved:

GALLEGOS LAW FIRM, P.C.


By_____/s/_____
      J.E. GALLEGOS
      MICHAEL J. CONDON
460 St. Michael's Drive, Bldg. 300
Santa Fe, New Mexico  87505

MCKOOL SMITH, P.C.
Thomas A. Graves
300 Crescent Court, Suite 1500
Dallas, Texas 75201
*Attorneys for Plaintiffs*

HOLLAND & HART, LLP


By:_____/s/_____
      SCOTT BARKER
555 17th Street, Suite 3200
P.O. Box 8749
Denver, Colorado  80201-8749

HOLLAND & HART LLP
Michael Feldewert
P.O. Box 2208
Santa Fe, New Mexico  85704-2208
*Attorneys for Defendant, BP America Production Co.*