IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN J. ABRAHAM, et al.,

      Plaintiffs,

vs.                                     No. CIV 09-961 WDS/RLP

BP AMERICA PRODUCTION COMPANY,

      Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Objections to Magistrate's Memorandum Opinion and Order ("Memorandum Opinion") filed by non-party ABQ Energy Group, LLC ("ABQ") on August 20, 2010. [Doc. 124]. Defendant BP America Production Company ("BP") did not respond to the Objections. Having considered the briefs, the Memorandum Opinion, ABQ's Objections, and the applicable law, this Court finds that the Objections are not well taken and they will not be granted. Rather than remand this matter to the Magistrate Judge for further proceedings, the Court will consider Defendant BP's Motion to Compel Compliance with Document Subpoena to ABQ filed June 11, 2010 on the merits. [Doc. 84]. Having considered BP's Motion, this Court finds it is well taken and it will be granted on the grounds set forth below.

1.  Objections to Magistrate's Memorandum Opinion

On April 9, 2010, BP served a subpoena on non-party ABQ. On April 16, 2010, ABQ served its Objections to the subpoena on the attorneys of record for BP pursuant to Fed.R.Civ.P. 45(c)(2)(B). ABQ did not file its Objections with the Court. BP filed a Motion to Compel on June 11, 2010 [Doc. 84], and ABQ filed a Motion to Quash the subpoena on June 28, 2010 [Doc. 91].

In the Magistrate Judge's Memorandum Opinion, the Magistrate Judge found *sua sponte* that

ABQ waived its objections to the subpoena served by BP by not filing its objections with the Court within 14 days of service of the subpoena.[1]  The Magistrate Judge reasoned that because ABQ served its objections on BP, but made no filing with the Court until it filed its Motion to Quash on June 28, 2010, its objections were not timely and, hence, waived.  Accordingly, the Magistrate Judge granted BP's Motion to Compel and denied ABQ's Motion to Quash Subpoena.

This Court has found no case law which directly addresses the issue of whether objections made pursuant to Fed.R.Civ.P. 45(c)(2)(B) need to be filed with the Court in addition to being served on the opposing party or attorney.[2]  In addition, the United States District Court for the District of New Mexico has not adopted any filing requirement for objections to a subpoena under Rule 45(c)(2)(B).  The plain language of Fed.R.Civ.P. 45(c)(2)(B) states in pertinent part:

> Objections.  A person commanded to produce documents or tangible things or to permit inspection may *serve* on the party or attorney designated in the subpoena a written objection... .  The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed.R.Civ.P. 45(c)(2)(B) (emphasis added).

Nowhere does the plain language of this discovery rule require that objections be filed with the Court in addition to being served on the party or designated attorney.  The rule is unambiguous in this regard. Rule 45 contains the same service requirement as discovery rules 33 (answers and objections to interrogatories) and 34 (responses and objections to requests for production). *See*

---

[1]BP did not contest the timeliness of ABQ's objections.

[2]The Magistrate Judge relied on *Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990) and *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568 (D.N.M. 1998) in support of the finding of untimeliness of the objections because they were not filed with the court.  This Court finds these cases distinguishable on the facts. Neither case involved a situation where a party responding to a subpoena served timely written objections under Rule 45(c)(2)(B). Additionally, neither case had before it the issue of whether or not objections made pursuant to Rule 45(c)(2)(B) were required to be filed with the Court in addition to being served on the party or designated attorney.

Fed.R Civ.P. 33 and 34. These requests and responses are served, but not filed with the court. The Court is notified of a dispute only if a motion directed to the discovery issue is filed. Additionally, contrary to Rule 45(c)(2)(B), Rule 72 of the Federal Rules of Civil Procedure, as an example, explicitly requires both service and filing. Rule 72 provides in pertinent part:

> (a) <u>Nondispositive Matters</u>. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may *serve and file* objections to the order within 14 days after being served with a copy.

Fed.R.Civ.P. 72(a) (emphasis added).

ABQ's objections were served prior to the time for compliance and within seven days of service of the subpoena. This Court finds that pursuant to Fed.R.Civ.P. 72(a), ABQ's objections to the subpoena were timely, and therefore the basis on which the Magistrate Judge granted BP's Motion to Compel must be set aside.

## 2. Defendant BP's Motion to Compel

On June 11, 2010, BP filed its Motion to Compel. [Doc. 84]. ABQ responded, *inter alia*, that this issue has already been addressed by United States District Court Judge Robert Junell of the Western District of Texas. *See Abraham vs. BP America Production Company*, MO-MC-049 (W. Dist. Texas, July 2, 2010) [Doc. 109 Exh. B]. In *Abraham*, the Court noted that the matter before it stemmed from the class action before this Court. In the Texas matter, BP issued a subpoena to nonparty B. Charles Rogers & Company ("Rogers"), which is a small marketing company operated exclusively by B. Charles Rogers and his wife, that is in the business of purchasing and selling natural gas, with a material portion of their business involving natural gas produced in the San Juan

Basin.[3]  The subpoena requested documents similar to those requested in the present case. The Texas Court quashed the subpoena finding, *inter alia*, that the documents requested were not relevant to BP's defense in the class action.[4]  The Court stated:

> BP's argument for relevancy is that, because it is obligated to pay royalties on the value of natural gas "consistent with the value of gas as it emerges at the wellhead," the value that Rogers receives for natural gas from the wellhead is relevant to whether BP has met its royalty obligations to the class action plaintiffs. (Citation omitted). The problem, however, is that Rogers, because it must incur various processing costs, "does not agree to pay a set price for the gas as it emerges at the wellhead and before it is transported and processed into residue and natural gas liquids." (Citation omitted). BP, therefore, cannot discover the "value of gas as it emerges at the wellhead" from Rogers because Rogers does not purchase gas for a price that reflects the wellhead value of natural gas.  As such, the subpoena should be quashed because it does not request information that is relevant to BP's defense in the class action.

[Docket No.  109, Exh. B at p. 4].

This Court is not persuaded by Judge Junell's ruling and does not adopt the reasoning outlined in his Memorandum Opinion and Order regarding relevancy.  In quashing the subpoena served on B. Charles Rogers & Company (Rogers) Judge Junell ruled that BP could not discover the "value of gas as it emerges at the wellhead" from Rogers because Rogers did not purchase gas at the wellhead, and that therefore the subpoena should be quashed because it did not request information that was relevant to BP's defense in this action.

First, the fact that Rogers does not buy gas at the wellhead, and therefore has no documents responsive to that part of BP's subpoena, does not strike this Court as being a relevancy issue. Rather, Rogers simply appears not to have any documents responsive to that portion of the

---

[3]Like Rogers, ABQ is a small marketing company which markets processed gas.

[4]On August 3, 2010, Judge Junell entered an Order denying BP's Motion for Reconsideration. [Doc. 116, Exh. A].

subpoena.  However, the subpoena served on  Rogers and ABQ by BP was not limited merely to documents reflecting purchase of unprocessed gas at the well head.  Paragraph 7, for instance, requests information regarding the sale of LNGs in the San Juan Basin.  This information could be relevant to prove or disprove Plaintiffs' claim that BP is selling such liquids at an artificially low price to an affiliate.  According to ABQ, Rogers pays a processing fee for the gas it markets.  The amount of that processing fee could be relevant to the reasonableness, per *Elliott Industries v. BP America Production Co.*, 407 F.3d 1091 (10th Cir. 2005), of the processing deduction taken by BP in its work-back calculation at issue in this case.  Accordingly, the Court does not find the reasoning of Judge Junell's opinion persuasive.

The Court sees BP's subpoena as an attempt to collect data that would bolster its position that all of the data used in its work-back calculation–sales prices and deductions for processing costs–are reasonably calculated to arrive at a fair value for unprocessed gas at the well head, the value of which is the basis for the royalty calculation.  The Court agrees with BP's position that evidence comparing the terms of its disputed "affiliate sales" with other arms length transactions and evidence comparing its processing deduction with third-party processing fees could be relevant and probative.  As such, there is no question of relevancy.

In this case, BP must meet a burden of proof heavier than the ordinary burden imposed under Rule 26 because the motion to compel filed by BP relates to ABQ, a non-party. The fact that discovery is sought from a non-party is one factor which the Court may weigh in determining whether BP is entitled to an order which requires the production of the materials or information. *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed.Cir. 1993).  Courts are required to balance the needs for discovery against the burdens imposed when parties are ordered to produce information or materials, and the status of a person or entity as a non-party is a factor

which weighs against disclosure.  *American Standard Inc. v. Pfizer,  Inc.*, 828 F.2d 734, 738 (Fed.Cir. 1987).

In order to resist compliance with the subpoena, ABQ must first establish that the information sought is confidential, or a trade secret, and demonstrate that its disclosure might be harmful.  *R  & D Business Systems v. Xerox Corporation*, 152 F.R.D. 195, 196 (D.Colo. 1993); *Centurion Industries, Inc. v. Warren Steurer*, 665 F.2d 323, 325 (10th Cir. 1981).  Once ABQ has presented evidence which establishes that the information sought is trade secret information, or otherwise confidential, the burden shifts to BP to establish "that disclosure of the trade secrets is both relevant and necessary." *R  & D Business Systems*, 152 F.R.D. at 197.  BP must prove that it has a "substantial need" for the discovery which "cannot be otherwise met without undue hardship. . . ." Fed.R.Civ.P. 45(c)(3)(B)(iii).  The Court must then "balance the need for the disclosure against the injury that would result from that disclosure." *R & D business Systems*, 152 F.R.D. at 197.

While it does not appear to the Court that this matter involves "trade secrets" in the conventional sense of the term, the material sought by BP is confidential, and is sought from a competitor of BP, thus ABQ has successfully shifted the burden to BP to prove that the documents are both "relevant and necessary" under the two part test of *R & D Business Systems*.

ABQ argues that there is no relevance to the documents under the holding of *Elliott Industries v. BP America Production Co.*, 407 F.3d 1091 (10th Cir. 2005).  For the reasons set forth above, and in far greater length in the Court's order regarding the parties' motions for summary judgment, ABQ's argument is not well taken.  Relevant and probative evidence in this matter will not be limited to "values remitted by third parties for the gas at the well," and ABQ's suggestion that this is the only information sought by BP in its subpoena is incorrect.  BP also seeks evidence of downstream, arms length transactions that it can compare with its disputed affiliate transfer price.

6

Accordingly, there is no misrepresentation by BP of the information in the Kominiak affidavit.

Finally, the Court has reviewed the Confidentiality Agreement entered into by the parties in this matter in order to "weigh the competing interests involved within the context of the total situation and to consider factors such as the dangers of abuse, good faith, adequacy of protective measures, and the availability of other means of proof." *See, Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 n.6 (10th Cir. 1981).    It is the Court's opinion that the apparent relevance and probative nature of the evidence, considered with the protection provided by the Cofidentiality Agreement, outweighs the harm of disclosure. The Court expects strict adherence by all parties to the terms of the Confidentiality Agreement.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Memorandum Opinion is affirmed on other grounds.

**IT IS FURTHER ORDERED** that BP's Motion to Compel [Doc. 84] is hereby granted.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**