IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN J. ABRAHAM, et al.,

      Plaintiffs,

vs.                                     No. CIV 09-961 WDS/RLP

BP AMERICA PRODUCTION COMPANY,

      Defendant.

## ORDER DENYING PLAINTIFFS' MOTION
## TO FILE AN INTERLOCUTORY APPEAL

**THIS MATTER** comes before the Court on Plaintiffs' timely Motion for Leave to File an Interlocutory Appeal filed on January 13, 2011. [Doc. 188]. Plaintiffs seek leave of court to file an interlocutory appeal of the Court's January 7, 2011 Memorandum Opinion and Order resolving the parties' various motions for summary judgment. Having reviewed the submissions of all parties, and being fully advised in the premises, the Court finds that the motion is not well taken and it is hereby DENIED.

Interlocutory appeals are governed by 28 U.S.C. § 1292(b). The Supreme Court of the United States has understood the procedure established in 28 U.S.C. § 1292(b) to "confer on district courts first line discretion to allow interlocutory appeals." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995). Relief under 28 U.S.C. § 1292(b) is an extraordinary remedy that is reserved for rare cases. *See, e.g.*, *Camacho v. Puerto Rico Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004) ("Section 1292(b) is meant to be used sparingly, and appeals under it are, hen's-teeth rare."). Interlocutory appeal may be allowed only where two exacting criteria are met: (a) the issue to be appealed must be a controlling one as to which there is "'substantial ground for difference of opinion'"; and (b) the appeal must "'materially advance the ultimate termination

of the litigation.'" *E.g.*, *Homeland Stores, Inc. v. Resolution Trust Corp.*, 17 F.3d 1269, 1271 (10th Cir. 1994) (quoting 28 U.S.C. § 1292(b)).

A mere claim that a district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion.  *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001).  For the reasons set forth in the Court's Memorandum Opinion and Order, the Court does not see this matter as one in which there is a substantial ground for difference of opinion. Additionally, where there is an impending trial date, certification of a matter for interlocutory appeal does not materially advance the termination of the litigation.  *See Brown v. Pro Football, Inc*, 812 F. Supp. 237, 239 (D.D.C. 1992)(denying certification where "trial on damages [was] imminent"). As noted by Defendant, trial in this matter will start in approximately five weeks, and trial would have to occur regardless of the 10th Circuit's disposition of the interlocutory appeal.  Accordingly, Plaintiff's Motion for Leave to File an Interlocutory Appeal is DENIED.

IT IS SO ORDERED.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE