IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STEVEN J. ABRAHAM, et al.**

Plaintiffs,

v.                                              Case No. CIV-09-961 WDS/RLP

**BP AMERICA PRODUCTION COMPANY,**

Defendant.

### ORDER DENYING DEFENDANT BP's FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE METHODOLOGY USED BY CONOCOPHILIPS TO REMIT ALL ROYALTY

This matter comes before the Court on Defendant BP America Production Company's First Motion in Limine to Exclude Evidence of Federal/Indian "Gross Proceeds" Royalty Payments Methodology Used by ConocoPhilips to Remit all Royalty (Doc. No. 191). Defendant BP seeks to limit Plaintiffs' use of evidence of the Federal royalty rate ("Fed rate") arguing that it is not relevant to the royalty issues in this case and that it would inject confusion before the jury if allowed to be argued.

The Court agrees with Defendant BP that the Fed rate is not relevant to the main issue in this case, that issue being the "market value of the gas at the well" private royalty obligation of BP. However, to determine the well head value BP is using the "work back" method that subtracts processing and other costs from downstream sales revenues. ConocoPhillips' adoption of the Fed rate is evidence of what one other processor is charging to process the gas in order to market it. In fact, Defendant BP is using just such comparative evidence from other companies to justify the reasonableness of its processing charge to Plaintiffs in this case. If ConocoPhillips is charging a rate that is identical to the Federal rate to process natural gas at the New Blanco Plant, that is a

comparable that can be introduced by the Plaintiffs. Whether the Fed rate is a "reasonable" approximation of ConocoPhillips' cost of processing gas at the New Blanco Plant can be fully explored by both sides at trial. The fact of the amount of the charge is relevant on the issue of the reasonableness of BP's work back calculation.

To cure any potential confusion on the part of the jury, the Court is prepared to instruct the jury, if necessary, that the Federal rate calculation is not required under the royalty agreements and that its use in this case is to show what ConocoPhillips charges. The jury, having heard all of the evidence regarding the various processing fees and the basis for those fees, will decide whether BP's processing deduction is reasonable.

IT IS THEREFORE ORDERED that Defendant BP America Production Company's First Motion in Limine to Exclude Evidence of Federal/Indian "Gross Proceeds" Royalty Payments Methodology Used by ConocoPhilips to Remit all Royalty (Doc. No. 191) is denied.

_____
W. Daniel Schneider
United States Magistrate Judge