**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**STEVEN J. ABRAHAM, et al.**

Plaintiffs,

v.                                                                                        Case No. CIV-09-961 WDS/RLP

**BP AMERICA PRODUCTION COMPANY,**

Defendant.

**ORDER DENYING BP'S MOTION IN LIMINE No. 2 TO PRECLUDE IMPLIED DUTIES, ALLEGATIONS THAT BP'S PROCESSING FEE IS "FICTIONAL," AND THAT BP FAILED TO PAY ROYALTY ON ALL PRODUCTION**

This matter came before the Court on Defendant BP's Motion In Limine No. 2 To Preclude Implied Duties, Allegations That BP's Processing Fee is "Fictional," and That BP Failed to Pay Royalty On All Production.  (Document 192) Defendant seeks an order precluding Plaintiffs from introducing evidence, testimony, opinions, and arguments premised on (1) any implied covenants alleged to arise from the subject royalty instruments; (2) the contention that BP's 25% processing fee is "fictional" and that BP is obligated as a matter of law to use only its "actual" processing costs as a plant owner in any netback process; and (3) the that contention BP has failed to market and pay royalty on 25% of the NGLs extracted from the gas stream at the New Blanco Plant.  Having considered the submissions of counsel, relevant law, and being otherwise fully advised, the Court finds the motion not well taken and it is denied.

The Court bases its decision on the procedural arguments advanced by Plaintiff, not Plaintiffs' substantive arguments.  Specifically, Plaintiffs correctly note that Defendant opposed Plaintiffs' Motion for Summary Judgment on a number of issues, but did not file cross motions for summary judgment on those issues.  Accordingly, those issues are, technically, "open" in the sense

that judgment has not been entered in favor of Defendant. The Court, therefore, finds the motion is not well taken and will be denied.

However, the following guidance may be instructive. Summary judgment motions are most typically denied as a result of unresolved questions of fact. Questions of fact, of course, are resolved by the jury. Questions of law are determined by the Court. The parties disputed many questions of law in this case, and the Court made rulings on those questions in its January 7, 2011 opinion. Those rulings by the Court will be incorporated into the jury instructions that the Court will finalize at trial. Questions of law will not be argued to the jury, nor will they be the subject of expert testimony.

Although the following issues were not technically resolved in BP's favor through the entry of an order granting summary judgment in BP's favor, they are legal rulings by the Court that will be incorporated into the jury instructions:

1. The operation of the New Blanco Plant is properly characterized as an actual "processing cost" such that it is a post-production cost subject to deduction in the work-back calculation. The Court rejects Plaintiffs' argument that there is no actual cost because BP pays no fee for processing its own gas. Per *Creson* and *Elliott*, the New Blanco Plant adds value to the gas stream and there are actual costs associated with operating the plant. As a matter of law, the Court rejects Plaintiffs' attempt to distinguish, semantically, the words "actual cost" and "fee."

2. BP owes royalties on the value of the unprocessed gas at the wellhead, which consists of natural gas and entrained NGLs. BP has no legal duty to pay royalties on the value of processed natural gas and separated NGLs at the tailgate of the New Blanco Plant. Since BP does not owe royalties on the processed NGLs, it is legally impossible for BP to have failed to pay royalties on processed NGLs.

3. Legally, BP is entitled to take a cash or in-kind fee to offset the cost of processing the raw gas at New Blanco, since the processing adds value to the gas stream. Whether the 25% fee is a commercially reasonable fee is a question of fact for the jury.

4. Similarly, there will be a question of fact for the jury whether the sales revenue BP uses in the first step of the work-back method reflects a commercially reasonable arms length transaction or a lower "affiliate transfer" price as alleged by Plaintiffs.

**IT IS THEREFORE ORDERED** that BP's Motion in Limine No. 2 To Preclude Implied Duties, Allegations That BP's Processing Fee is "Fictional," and That BP Failed to Pay Royalty On All Production. (Document 192) is denied.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**