IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STEVEN J. ABRAHAM, et al.**

Plaintiffs,

v.                                                                                          Case No. CIV-09-961 WDS/RLP

**BP AMERICA PRODUCTION COMPANY,**

Defendant.

### ORDER DENYING BP'S MOTION IN LIMINE No. 3[1] TO EXCLUDE THE TESTIMONY OF ATTORNEY LAURA H. BURNEY

This matter came before the Court on Defendant BP's Motion for an order to exclude the testimony of Laura H. Burney, identified by Plaintiffs as an expert witness. (Document 201) Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, the Court finds the motion is well taken in part and it is granted in part.

The Court has reviewed the expert report prepared by Professor Burney, including her Summary of Opinions. The Court finds, having reviewed the four opinions included in the summary, that Professor Burney's testimony regarding the opinions would not be helpful to the jury and could lead to confusion of the issues. Opinions A, B and D contradict legal rulings made by the Court in this matter, and are not admissible. Regarding Opinion C, the jury will be instructed that BP must use a commercially reasonable sales price to start the work-back calculation, and can only deduct a marketing fee if it is reasonable and actual. It does not appear to the Court that Professor Burney is offering testimony about the sales price itself, but instead is offering expert testimony on

---

[1] Defendant filed a corrected motion noting that this was their fourth motion in limine, the third motion being Document 194 filed 1/20/2011. However, the docket still reflects this document as the third motion, and to avoid further confusion the Court has retained the original title.

BP's legal duty under the royalty agreements.  Determination of a legal duty is for the Court, and in this case the legal issues have been determined.  Accordingly, the Court does not see any open issues upon which Professor Burney could offer an opinion, but does not rule out the possibility that she could offer testimony regarding the royalty instruments, for example, as long as her testimony did not conflict with the Court's rulings.  Plaintiffs' are free to proffer such evidence to the Court, if they desire, at the time of trial.

      **IT IS THEREFORE ORDERED** that BP's Motion in Limine No. 3(sic) (Document 201) is hereby granted in part.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**