IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STEVEN J. ABRAHAM, et al.**

Plaintiffs,

v.                                            Case No. CIV-09-961 WDS/RLP

**BP AMERICA PRODUCTION COMPANY,**

Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ON THE VERDICT

This matter comes before the Court on Plaintiffs' Motion for Entry of Judgment on the Verdict (Docket No. 309). Plaintiffs' seek an award of pre- and post-judgment interest, and also ask the Court to retain jurisdiction to adjudicate matters of attorney's fees, and reimbursement of expenses, awards to the class representatives, and to administer the distribution of judgment funds to class members in accordance with Fed. R. Civ. Proc. 23(h). Defendant opposes the award of pre-judgment interest.

Plaintiffs seek an award of pre-judgment interest under the New Mexico Proceeds Payment Act, N.M.S.A. 1978 §70-10-5, which sets an interest rate of eighteen percent per annum on an unpaid royalty. Plaintiffs, however, did not plead a cause of action under the New Mexico Proceeds Payment Act and the Court declines to proceed under the Act.

In the alternative, Plaintiffs seek an award of pre-judgment interest under N.M.S.A. 1978 §56-8-3. Defendant opposes such an award, arguing that there was no "sum certain" at issue in this case. The Court agrees that there was no sum certain at issue. However, in cases falling under §56-8-3, where the amount owed is not fixed or readily ascertainable, the trial court may in its

discretion award prejudgment interest of not more than fifteen percent. *Sunwest Bank, N.A. v. Colucci*, 117 N.M. 373, 377-378 (N.M. 1994); see also *Smith*, 116 N.M. at 36, 859 P.2d at 1063 ("An award of prejudgment interest is committed to the sound discretion of the trial court, except when such interest should be awarded as a matter of right."). The purpose of pre-judgment interest, of course, is to compensate a claimant for the lost opportunity to use money owed the claimant and retained by the obligor between the time the claimant's claim accrues and the time of judgment (the loss of use and earning power of the claimant's funds). See *Economy Rentals, Inc. v. Garcia*, 112 N.M. 748, 762, 819 P.2d 1306, 1320 (1991). Considering the evidence presented and the verdict of the jury, the Court finds the Plaintiffs are entitled to pre-judgment simple interest in the amount of fifteen percent (15%) per annum from the date on which the unpaid royalty payments were due up to the date of judgment. Interest on an underpayment of royalty is calculated from the date the monthly payment was due up to the date of judgment. The parties are directed to calculate the amount of pre-judgment interest due and notify the Court of that amount by noon on Friday, May 13, 2011. Upon receipt of that information the Court will enter a final Judgment on the jury's verdict.

      IT IS THEREFORE ORDERED that Plaintiffs' Motion for Entry of Judgment on the Verdict (Docket No. 309) is granted.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**