IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN J. ABRAHAM, et al.,

    Plaintiffs,

vs.   No. CIV-09-961 WDS/KBM

BP AMERICA PRODUCTION COMPANY,

    Defendant.

ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT
OF CLASS CLAIMS AGAINST BP AMERICA PRODUCTION COMPANY,
AND APPROVAL OF ISSUANCE OF NOTICE AND SCHEDULE FOR HEARING
FOR FINAL APPROVAL OF SETTLEMENT

This Matter came before the Court on the Motion for Order of Preliminary Approval of Settlement of Class Claims against BP America Production Company, and approval of Issuance of Notice filed by Plaintiffs and Defendant BP America Production Company ('BP") (collectively "Movants"). Movants seek Court approval pursuant to Civ. R. 23(e) of the terms and conditions of a settlement of this action as to Plaintiffs' claims against BP as set forth in a Settlement Agreement that was provided to the Court. The Settlement Agreement has been entered into by the Plaintiffs and Defendant BP and approved by the attorneys for the Movants. The Court has reviewed the Joint Motion, knows well the case having presided over extensive pre-trial proceedings and a jury trial herein, and being fully advised, FINDS AS FOLLOWS:

    1.    The Settlement Agreement is a comprehensive settlement document that resolves disputed claims of Plaintiffs' and the Class against BP relating to a period of alleged underpayment of royalty and overriding royalty on proceeds due for natural gas

1

liquids ("NGLs") processed at BP's Blanco Plant, and saved and sold by Defendant from the BP Leases.  The settlement covers the past damages period of January 2007 through September 2012, and specifies a prior reduction by BP of its in-kind processing charge in the computation of the subject royalty and overriding royalty and a provision for future royalty and overriding royalty to be paid on all NGLs subject to an $0.081 per gallon processing charge.  The settlement does not include the overriding royalty agreements that call for payment on the same basis as federal royalty is paid ("same-as-fed").  The decision of the Tenth Circuit Court of Appeals on the appeal of the judgment in this proceeding after trial reversed same-as-fed claims and directed dismissal with prejudice.  The same-as-fed claims are to be excluded from the claims covered by the settlement and that fact should be disclosed in the class description and notices to the class.

2. The Settlement Agreement was entered into between Plaintiffs and BP after lengthy arm's length settlement negotiations and it represents a fair and reasonable settlement of the Plaintiffs' and Class claims against BP, excluding the same-as-fed claims.  BP shall pay the sum of $10,000,000 to settle these claims for the January 2007 – September 2012 period, shall decrease the processing charge deduction and shall provide other valuable considerations set forth in the Settlement Agreement.

3. The Plaintiffs, who are the class representatives, have been actively informed and involved in the negotiations and the terms of the proposed settlement. They approve of the settlement terms and have executed the Settlement Agreement.

4. The court has heretofore ruled on motions for summary judgment and on various other issues, has conducted several hearings and presided over a jury trial in the case in March 2011. Based upon its observation of the very competent counsel and of the highly contested litigation of this matter by both sides, the Court finds that the negotiations leading to the making of the Settlement Agreement were conducted by able and informed counsel who negotiated at arm's length and acted in the best interest of their respective clients.

5. There is sufficient probable cause to conclude that the Settlement Agreement is fair and reasonable, and falls within the range of probable approval and should be preliminarily approved.

6. Movants have submitted acceptable and appropriate proposed forms of Notices to be sent by mail and by publication which are attached to their Joint Motion. Adequate notice of this settlement by mail and publication should be provided to all class members.

IT IS THEREFORE ORDERED as follows:

1. The Court preliminarily approves the terms and conditions set forth in the Settlement Agreement, including the establishment of a Qualified Settlement Fund, subject to the jurisdiction of the Court.

2. The Court approves the form of Notices incorporated in the Motion, and directs that documents in substantially the same form as Exhibit "B-1' to the Motion be produced in a printed, self-mailer format and be sent First Class Mail, Postage Prepaid, to those identified by BP as Class members and for whom current addresses are available. Class Counsel will mail the notice promptly after receiving the necessary

identifications and last-known address information from BP regarding class members. In addition to the notice by direct mail, the notice attached as Exhibit "B-2" to the Motion shall also be published one time in newspapers of general circulation in Phoenix, Arizona; Oklahoma City, Oklahoma; Denver and Durango, Colorado; Dallas and Houston, Texas; Albuquerque and Farmington, New Mexico. Publication shall be done no later than **JANUARY 20, 2013.**

3. The Court's preliminary approval is subject to the right of any member of the Class within the time set forth herein to object to the fairness, adequacy and reasonableness of the terms of the Settlement Agreement, or to the requested attorneys' fees and costs or to the request for an award for services and expenses to the Plaintiff Class Representatives. Any valid objections to the Settlement Agreement or any proposed awards must be filed on or before **FEBRUARY 10, 2013**.

4. The Court hereby schedules a hearing on **MARCH 19, 2013** at 9:00 a.m. in the United States Courthouse, Albuquerque, New Mexico, to determine whether the proposed resolution, dismissal and terms of the Settlement Agreement between the Class and BP should be finally approved as fair, reasonable and adequate, whether a Final Judgment of approval should be entered, and whether the application of Class Counsel for an award of attorneys' fees, costs and expenses and for any award to Plaintiff Class Representatives in this matter should be approved.

5. No later than seven (7) days before the scheduled hearing, Class Counsel may file a memorandum in further support of the compromise and voluntary dismissal of the action and a memorandum in response, if necessary, to any pleadings or submissions by objectors. Class Counsel shall file their application for attorneys' fees

and for reimbursement of expenses, for an award to the Class Representatives for services and expenses no later than thirty (30) days before the date of the scheduled approval hearing.

ENTERED this 21st day of December 2012.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE


Submitted by:

GALLEGOS LAW FIRM, P. C.


By___/s/ J.E. Gallegos_____
      J.E. GALLEGOS
      MICHAEL J. CONDON
460 St. Michael's Drive, Bldg. 300
Santa Fe, New Mexico 87505
Telephone:  505.983.6686
Email:  jeg@gallegoslawfirm.net

McKOOL SMITH, P.C.
THOMAS A. GRAVES
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone:  214.978.4000
Email:  tgraves@mckoolsmith.com

*Counsel for Plaintiffs and the Class*



WHEELER TRIGG O'DONNELL LLP


By___/s/ Scott S. Barker_____
      Scott S. Barker
1801 California Street, Suite 3600
Denver, CO  80202

Telephone:  303.244.1824
Email:  barker@wtotrial.com

HOLLAND & HART, LLP
MICHAEL H. FELDEWERT
110 N. Guadalupe, Suite 1
Santa Fe, NM 87501
Telephone:  505.988.4421
Email:  mfeldewert@hollandhart.com

*Counsel for Defendant BP America Production Company*