IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN J. ABRAHAM, et al.,

      Plaintiffs,

  vs.                                    No.  CIV-09-961  WDS/KBM

BP AMERICA PRODUCTION COMPANY,

      Defendant.


ORDER GRANTING CLASS COUNSEL'S APPLICATION FOR
AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES, COSTS OF
DISTRIBUTION AND FOR AN AWARD FOR CLASS REPRESENTATIVES

THIS MATTER came before the Court on March 19, 2013 on Class Counsel's Application for an Award of Attorneys' Fees, Litigation Expenses, Costs of Distribution and for an Award to the plaintiffs who served as class representatives.  The Court has considered the application pursuant to Fed.R.Civ.P. 23(h).

The Court has reviewed the Application, the affidavits of attorneys J. E. Gallegos and Thomas Graves, and the billing statements and other documentary evidence attached to the Application.  Having considered the Application and the affidavits, the relevant and related pleadings, the history of the litigation, the testimony of counsel and witnesses in open court, the applicable case law concerning a common-fund fee award, the settlement achieved by counsel and plaintiffs on behalf of the Class, the absence of any objections by any Class members to the Application, and based on the Court's Findings of Fact and Conclusions of Law stated in the Judgment Approving Settlement Agreement, the Court finds and concludes that Class Counsel's Application is well taken

1

and will be GRANTED on the following terms and based on the following Findings of Fact and Conclusions of Law:

1. The Court has separately concluded that the Settlement Agreement between the parties is fair, reasonable, adequate, and in the best interests of the Class, and is therefore approved and ordered enforced by the Court.

2. Pursuant to Fed.R.Civ.P. 23(h) the Court has jurisdiction to award Class Counsel attorneys' fees and expenses and other expenses, including distribution of funds to the Class from the common fund.

3. The accepted basis for an award of attorneys' fees in class action litigation is the common fund doctrine.  Attorneys who represent a class through to conclusion of the litigation and who create a common fund for the Class are entitled to a portion of the fund as compensation for fees and costs incurred in the representation.  The Tenth Circuit Court of Appeals has expressed a definite preference for the "percentage of recovery" or "percentage-of-the-fund" approach to fee awards in common fund cases. *Gottlieb v. Barry,* 43 F.3d 474, 483 (10th Cir. 1994).

4. The fundamental consideration for the Court in awarding attorneys' fees is reasonableness.  Common fund fee awards are guided by what are generally referred to as the "Johnson factors." *Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).  In this case, the factors that are particularly relevant are (a) the time and labor involved and the novelty and difficulty of the issues; (b) the skill requisite to perform the legal service

properly; (c) the customary fee in the locality; (d) the amount involved and the results obtained; and (e) the experience, reputation, and the ability of the attorneys.

5. The Court finds that the fee requested by Class Counsel of Two Million Eight Hundred Thousand dollars ($2.8 million) is reasonable and within the guidelines established by the courts. The requested fee is 29.7% of the gross amount of the Settlement Fund less costs. The requested fee is 19.8% of the total economic benefit to the class. The Court has taken into account the amount of time devoted to the case by Class Counsel's firm and the reasonable fee factors and concludes that an award of attorneys' fees of $2.8 million is reasonable and fitting. Class counsel are further entitled to New Mexico gross receipts tax on the services of Class Counsel subject to that fee in the amount of $117,923.84.

6. Class Counsel are entitled to an award to reimburse their reasonable and necessary expenses associated with the prosecution and successful resolution of the litigation. The Court has reviewed the Application and affidavit of plaintiffs' attorney and the data supporting an award, and concludes that Class Counsel are entitled to reimbursement of litigation expenses out of the Settlement Fund in the amount of $512,153.95 plus gross receipts tax on taxable expenses in the amount of $3,303.39. The Court finds that the costs are not duplicative and appear reasonable and necessary to the work and effort of Class Counsel in their representation of the Class.

7. The Court recognizes that Class Counsel are committed to continuing service to accomplish the distribution to Class members of the Settlement Fund and the wind-up of the settlement and that it is necessary to engage a qualified accounting firm to calculate each class members share of the net Settlement Fund and administer the distribution of such funds. Reynolds, Hix & Co., P.A. is such firm and is appointed Settlement Administrator. The Court concludes that up to $395,000 from the Settlement Fund shall be held available to cover the costs of distribution by the accounting firm. The Court shall retain jurisdiction to consider subsequent requests for reimbursement of expenses of Class Counsel and of the Settlement Administrator, if any.

8. The Class Representative Plaintiffs Steven J. Abraham and Elizabeth Witten as Co-Trustee of various plaintiff trusts have provided important and committed services on behalf of Class members. The Court recognizes that expenses have been incurred by plaintiffs and they have devoted many hours in order to supervise counsel, remain informed about the litigation and attend hearings and depositions. It is ordered that Steven J. Abraham is awarded the sum of $25,000, and Elizabeth Witten is awarded the sum of $30,000, said amounts to be paid from the Settlement Fund.

IT IS THEREFORE ORDERED AND ADJUDGED that the award to Class Counsel of attorneys' fees and gross receipts tax and reimbursement of Class Counsels' litigation expenses, provisions for payment to the Settlement Administrator for

4

costs of distribution and the awards to the Class Representative Plaintiffs shall be and hereby are approved and ordered paid from the Settlement Fund.

  IT IS FURTHER ORDERED that there is no just reason for delay and that this Order be entered by the Clerk as a final order disposing of the stated issues.

  So ordered this 20th day of March, 2013.

_____
HONORABLE  W. DANIEL SCHNEIDER
United States Magistrate Judge

Submitted by:

GALLEGOS LAW FIRM, P.C.


By  /s/ Michael J. Condon
       J.E. GALLEGOS
       MICHAEL J. CONDON
460 St. Michael's Drive, Bldg. 300
Santa Fe, New Mexico  87505
(505) 983-6686

and

MCKOOL SMITH P.C.
Thomas A. Graves
W. M. Wilson, Jr.
300 Crescent Court
Suite 1500
Dallas, Texas  75201
(214) 978-4000

*Attorney for Plaintiffs*