IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN J. ABRAHAM, et al.,

      Plaintiffs,

    vs.                                  No.  CIV-09-961  WDS/KBM

BP AMERICA PRODUCTION COMPANY,

      Defendant.

**JUDGMENT APPROVING SETTLEMENT AGREEMENT AND
DISMISSAL OF CLAIMS AGAINST DEFENDANT WITH PREJUDICE**

THIS MATTER came before the Court for hearing on March 19, 2013 on the Joint Motion of the Parties for Final Approval of the December 20, 2012 Settlement Agreement between plaintiffs, on behalf of themselves and the Class in this case, and defendant BP America Production Company ("BP").  On December 21, 2012, the Court considered the settlement and granted preliminary approval under Fed.R.Civ.P. 23. The Court set notice requirements for the Class and scheduled the final approval hearing for March 19, 2013, 2010.

At the hearing for final approval the plaintiffs and the Class appeared by counsel and by representative plaintiff Steven J. Abraham.   BP appeared by counsel.  The Court received the testimony of expert accountant David Hajny, testimony of witnesses and the presentations of counsel for the parties in support of the settlement, and considered the evidence of the procedures followed by Class Counsel to notify the Abraham Class members (the "Class") of the terms of the proposed Settlement Agreement, the Application for Award of Attorneys' Fees, Litigation Expenses, Costs of Distribution, and for an Award for Class Representatives and Memorandum in Support of Final Approval of Settlement.

Being thoroughly advised on this matter, the Court enters its findings of fact and conclusions of law and GRANTS final approval of the Settlement Agreement.

THE COURT FINDS as follows:

1. The Abraham Class was certified by an Order entered on June 15, 2010 [Doc. 86], the Court having found that the case met the requirements of Rule 23(a) and (b)(3). The Class was originally defined as follows:

> All present and former owners of royalty and overriding royalty interests which burden oil and gas leases and wells in the San Juan Basin now or formerly held by defendant BP America Production Company ("BP"), or it's predecessors-in-title, which leases contain wells that are or have been productive of natural gas on which BP pays royalty and overriding royalty during the period January 2007 to the present and which natural gas is gathered and delivered, or deemed gathered and delivered, for processing at the Blanco Plant (also known as the San Juan Gas Plant) located north of Bloomfield, New Mexico.
>
> The class excludes the United States of America in its proprietary status and as trustee for Indian tribes or individual Indian lessors, and any other person or entity for which the Minerals Management Service of the Department of Interior collects royalties; the class excludes the Commissioner of Public Lands of New Mexico and the new Mexico State Land Office; it excludes BP and ConocoPhillips company and all of their corporate affiliates or predecessors-in-interest; and it excludes Florance Limited Company, Florance A. Florence, M.J. Florance Trust and related persons or entities.

After notice was given of the 2010 class certification in this case, only eleven of over 4,000 class members elected to be excluded from the Class.

2. The parties vigorously litigated the liability and damage issues surrounding the plaintiffs' claims that BP underpaid the private royalty and overriding royalty owners whose interests burden BP leases from which conventional gas is produced and processed at the Blanco

        Plant where natural gas liquids (NGLs) are separated from the gas stream. BP denied the allegations and raised various defenses.

3. The case was tried before a jury in March 2011. The jury awarded damages to plaintiffs of $9,740,973. The Court awarded pre-judgment interest and costs and entered Judgment on May 13, 2011. Doc. 329.

4. BP appealed and plaintiffs cross-appealed. The Tenth Circuit Court of Appeals issued its decision on July 18, 2012, reversing and directing the trial court to vacate the judgment, enter partial summary judgment for BP on the same-as-fed contract claim, and provide an explanation of any ruling on the claim for breach of the implied covenant of good faith and fair dealing. The same-as-fed claim dismissed by the Court of Appeals comprised $534,721 of the jury award to the plaintiffs at trial.

5. Following remand, the parties voluntarily agreed to mediation with former state district judge James Hall in Santa Fe. Counsel and party representatives attended. While the case did not settle during the mediation itself, progress was made and the parties continued negotiations which resulted in a Settlement Agreement on December 20, 2012. The negotiations that led to settlement were conducted at arms' length and the agreement was fairly and honestly developed. BP agreed to pay $10 million to settle claims for royalty underpayment through September 2012. Class members whose royalty is paid on the same basis as federal royalty are not entitled to

      any settlement payment pursuant to the Tenth Circuit decision and the class definition was amended accordingly. BP confirmed that it had reduced its contested processing fee at the Blanco Plant from 25% of NGLs to 14% of NGLs for the period April 2011 through September 2012. The parties agreed that BP would charge a processing fee of 8.1 cents per gallon of NGLs processed at the Blanco Plant beginning with the October 2012 production month. A copy of the Settlement Agreement was provided to the Court with the parties' request for preliminary approval. [Doc. 365].

6. Given the risks of litigation, including the merits and complexities of the parties' claims and defenses and the potential duration and costs of trial, the settlement is fair and reasonable.

7. The financial benefit to the Class consists of the gross cash payment by BP of $10,000,000 and BP's agreement to pay royalty on 100% of the natural gas liquids effective October 2012, subject to a processing charge of $0.081 per gallon, thereby benefitting the Class on future royalty in the estimated amount of $4,738,257. The settlement provides a reasonable and adequate compensation for dismissal of the plaintiffs' claims.

8. The Settlement Agreement has been approved and signed by the plaintiffs, by authorized management for BP, and by counsel for both parties. Class Counsel and BP counsel are very experienced and capable attorneys. Class Counsel have successfully prosecuted oil and gas royalty underpayment class action cases for many years. Class

> Counsel recommend the Settlement Agreement as in the best interests of the class and as constituting a benefit to the Class. BP counsel also recommends the Settlement Agreement.

9. Affidavits were admitted in evidence and have served to inform the Court concerning the procedures that were followed to provide individual notice by first class mail and published notice to the Abraham Class members. The reports establish that notice of the class action proceeding and of the settlement was timely and sufficiently provided to Class members in compliance with Rule 23(e) and principles of due process.

10. The deadline for Class members to object to the settlement was February 10, 2013. No objections were lodged to the settlement by any Class member. Because there are approximately 4,000 Class members, the absence of objections is further proof of the fairness and adequacy of the settlement.

11. BP served Notice of the Settlement on December 20, 2012 to appropriate federal and state officials pursuant to 28 U.S.C. §1715(b). On March 20, 2013 the 90 day requirement of 28 U.S.C. § 1715(d) is satisfied.

12. The Class representatives have kept abreast of the litigation, attended hearings and testified at the first trial, and provided document discovery. They devoted much of their time and incurred substantial out-of-pocket expense for travel and lodging. They have shown a high degree of interest, involvement and commitment on behalf of

5

the Class. The approval of the settlement by the Class representatives is entitled to substantial weight.

13. Class Counsel has provided a recommendation of a qualified accounting firm Reynolds, Hix & Co., P.A. to serve as Administrator for distribution of the settlement fund to the Class members. The estimated charges of that firm for its services will be $395,000 plus New Mexico gross receipts tax.

14. Having considered all the evidence and the circumstances, the Court finds that the settlement terms reflected in the Settlement Agreement are fair, adequate and reasonable.

15. The settlement is in the best interest of the Class members, and should be approved.

IT IS THEREFORE CONCLUDED, ORDERED and ADJUDGED as follows:

1. The Court has jurisdiction over the subject matter and the parties to the Settlement Agreement, as well as over the Abraham Class members.

2. The Settlement Agreement is fair, reasonable and adequate and is hereby approved pursuant to Fed.R.Civ.P. 23(e).

3. The Court appoints Reynolds, Hix & Co., P.A. to serve as Settlement Fund administrator and to coordinate and cooperate with Class Counsel the Gallegos Law Firm and McKool Smith in order that the net Settlement Fund be appropriately distributed to Class members.

4. The claims asserted in the Complaint and Joint Pretrial Order that are released in the Settlement Agreement are fully and completely settled, discharged, and released by the plaintiffs and Class members. This action and all claims asserted in this action through September 2012 are hereby ordered dismissed with prejudice, each party to bear its costs and attorneys' fees incurred in this action.

5. The Court retains jurisdiction as may be necessary to enforce the terms of the Settlement Agreement relating to payment, allocation, and distribution of the settlement funds to members of the Class (including the terms of the Settlement Agreement relating to data to be provided in connection therewith), to rule on the application of Class Counsel for attorneys' fees and expenses and class representative plaintiffs' awards, and to exercise any continuing supervision (including the issuance of collateral orders) as necessary to oversee and effectuate the payment, allocation, and distribution of settlement funds to members of the Class, but such reservation shall not affect the finality of this judgment approving the settlement on the merits.

6. There is no just reason for delay and this judgment shall be entered by the Clerk as a Final Judgment.

So ordered this 20th day of March, 2013.

_____
HONORABLE W. DANIEL SCHNEIDER
United States Magistrate Judge

Submitted by:

7

GALLEGOS LAW FIRM, P.C.


By\_\_\_\_/s/ Michael J. Condon_____
        J.E. GALLEGOS
        MICHAEL J. CONDON
460 St. Michael's Drive, Bldg. 300
Santa Fe, New Mexico  87505
(505) 983-6686

and

MCKOOL SMITH P.C.
Thomas A. Graves
W. M. Wilson, Jr.
300 Crescent Court, Suite 1500
Dallas, Texas  75201
(214) 978-4000

*Attorney for Plaintiffs*

Approved:

WHEELER TRIGG O'DONNELL LLP


By\_\_Approved 03/19/13_____
        SCOTT S. BARKER
1801 California Street, Suite 3600
Denver, CO  80202

HOLLAND & HART, LP
Michael H. Feldewert
110 N. Guadalupe, Suite 1
Santa Fe, NM  87501

8